## COUNTY OF MERRIMACK *v.* CITY OF CONCORD.

Towns and cities are not responsible to the county for the support of prisoners committed to the county jail, upon criminal process, except for police offences.

ASSUMPSIT, to recover the amount expended by the plaintiff, for the board of certain persons committed to the Merrimack county jail, by the police court of said city, on convictions for violations of the act in relation to the police of towns, of chapter 116 of the Revised Statutes, and for violations of the ordinances of the city of Concord.

It was agreed that judgment should be rendered for the plaintiffs, for the amount expended, or any part thereof; or a nonsuit entered, according as the opinion of the superior court should be upon the foregoing case.

*George & Foster*, for the plaintiffs.

Chapter 116 of the Revised Statutes provides for the punishment of idle and disorderly persons, by confinement in the house of correction of the town or county in which the offence has been committed, and for want of such house of correction, the common jail for the county may be used for that purpose. It also gives the right to the county, or to any town, to provide a house of correction.

Chapter 113 of the Revised Statutes, relative to offences against the police of towns, provides for the punishment of offenders, by a fine not exceeding $10, nor less than $1, and costs, or by imprisonment in the house of correction, bridewell, or county jail. It also provides that all fines adjudged under this chapter shall be paid to the justice who imposed the same, for the use of the town.

The city charter of Concord provides that all fines and forfeitures for the violation of any by-law or ordinance of the city, shall enure to such uses as the city council shall direct.

The provision in the two latter cases, for the payment of

fines to the town or city, constitutes an exception to the general rule, which requires that fines imposed for violations of law shall be paid to the county in which the offence has been committed. This rule was undoubtedly founded upon the reason that the county, being subjected to the expenses of criminal prosecutions, ought, to some extent, to be relieved of their burden, by the reception of the fines, upon the principle that any pecuniary advantage which might result from criminal prosecutions should enure to the benefit of those upon whom the burdens of those prosecutions are cast. The county is required to furnish a jail, to pay for the support of the prisoners, and to become responsible for the costs attending the prosecution, and in return it is entitled by law to the fines imposed.

By the provisions of chapter 119 of the Revised Statutes, and by the city charter before referred to, in which it is provided that the fines shall go to the town or city, the offender may be sent to a place of confinement supported by the town, or to one supported by the county.

If he is sent to the place of punishment supported by the town, or if the town is held liable for his support at the county institution, then the principle upon which fines are paid to the county is sustained. Upon the town is imposed the burden, and it also receives the benefit; but if the offender may be sent to the county jail, and supported at the expense of the county, while the fines enure to the benefit of the town, then this principle is not only not sustained, and the county deprived of the benefit, but the benefit is conferred upon the town, which bears the burden only in common with every other town in the county. Besides, if these offenders can be sent to a place of punishment supported by the county, or to one supported by the town, at the option of the town; or if the town, at its option may or may not provide a house of correction; and the only effect of their not providing such an institution is simply to throw the burden of supporting their police offenders upon

the county, then there is not only no inducement for towns to provide houses of correction within their respective limits, but they have a large and direct advantage in not providing such places of punishment; an inducement the legislature could never have contemplated.

It would therefore seem that the legislature, in giving to towns the right to provide, or to omit to provide, houses of correction, could only have intended to grant to towns the alternative of supporting their police offenders in their own houses of correction, or of paying for their support at the institution provided by the county.

Section 9 of chapter 114 of the Revised Statutes provides that towns shall be liable for the prison charges incurred in the punishment of offenders, for violation of the provisions of that chapter, in case of the offender's inability. That the county can recover for the expenses incurred by it in the punishment of offenders against the provisions of this chapter, there would, therefore, seem to be no doubt.

*W. H. Bartlett,* for the defendants.

I.  By the general law, the plaintiffs, and not the defendants, are charged with the support of these persons. There is no pretence that the defendants are liable for the support of prisoners as paupers. Towns are not liable for the support of prisoners more than of paupers, unless by statute. Their duties are not imposed by the common law, but are all derived from the statutes. *Harper* v. *Emery,* 2 Shep. 377. And the support of prisoners would seem a matter wholly regulated by our statutes. There are no equities to be considered by the court. They are wholly for the legislature, as in other matters, wholly depending on statute. *Crawford* v. *Iowa,* 2 Chand. 14, (13 U. S. Dig. 152, § 21;) *People* v. *Supervisors,* 7 Hill 172; *Hampshire* v. *Franklin,* 16 Mass. Rep. 89; *Windham* v. *Portland,* 4 Mass. Rep. 389.

These persons are prisoners on criminal process, and prop-

erly committed here. The proceedings are in form and sub-stance criminal, and their object is punishment. *De Comey's Petition*, 2 Foster's Rep. 368. And the jailor is bound to provide for their support, for which the plaintiffs are to pay him. R. S., ch. 226, § 5; *Amherst* v. *Hollis*, 9 N. H. Rep. 109.

II. There is nothing to except these cases from the gen-eral law. That the fines go to the city, is immaterial, and cannot change the law. *Norwich* v. *Hyde*, 7 Conn. Rep. 533. It might as properly be claimed that the owners of goods stolen should remunerate the county for the sup-port of convicts, under the Revised Statutes, ch. 215, § 14, because they receive the fine.

As to chapter 113, the doctrine maintained by the plain-tiffs would not tend to promote any policy of the law, if such there be, by which towns are to provide houses of correction, for, by section 15, it here rests in the discretion of the police court of Concord to sentence offenders against that chapter to jail, instead of the house of correction.

If the plaintiffs' view be correct, the city would be liable, in case of persons committed to the jail as a house of cor-rection, but not if they were committed generally. No such distinction exists. *Norwich* v. *Hyde*. And the statutes show that there is no such policy of the law as is supposed.

Offenders sentenced under chapter 116, are, by its provis-ions, properly in jail. There being no county or city house of correction, it is not only permitted but required by stat-ute that the jail be used. And so by the Revised Statutes, ch. 226, § 11.

Here, as elsewhere, the legislature undoubtedly supposed that the earnings of the persons sentenced, as the law re-quires, to hard labor, would be a sufficient compensation for their support. *Washburne* v. *Belknap*, 3 Conn. Rep. 502, (3 U. S. Dig. 248, 18.) And here the county may receive their earnings. The provisions of § 9, ch. 114, of the Re-vised Statutes do not extend to chapter 113. Whatever mistake there may have been in the enactment of the law,

the provisions of this section are expressly limited to chapter 114, and it would be quite absurd to control chapter 113, which is a public law in force in every town, by chapter 114, which is only in force where adopted. Besides, it does not appear that chapter 114 is in force in Concord. The legislature have deemed it necessary to extend the powers of policemen under chapter 114, to violations of chapter 113, by special act. 2 Laws, ch. 34, § 7.

There is nothing to take these cases out of the express provisions of the general law; and the case of *Norwich* v. *Hyde* seems conclusive for the defendants.

In this result there is no injustice, for not the defendants alone, but the community, have an interest in the enforcement of these laws.

BELL, J. In the case of *De Comey's Petition*, it was held, in the language of the Revised Statutes, ch. 226, § 5, that " every jailer shall provide each prisoner in his custody with necessary sustenance, clothing, bedding, fuel and medical attendance, and the court of common pleas shall allow him, out of the county treasury, a reasonable compensation for the support of all prisoners confined on criminal process." And the opinion was then expressed that since the jailer was compelled by law to incur these expenses, and the law gave him, in terms, a claim against the county, for compensation for the support of *all* prisoners confined on criminal process, he is not bound to look elsewhere for his pay, in those cases where the statute imposes a liability for these expenses on towns and cities; and that the duty of enforcing that liability rests not on the jailer, but on the county. We have further considered that question, and are now of the opinion that the impressions we then entertained are the sound and reasonable construction of the statute provisions on the subject. We think that the expense of these prisoners was properly paid in the first instance by the county, and that the action of assumpsit is the proper remedy to enforce

the liability imposed on towns and cities by other provisions of the statutes.

The claim of the county embraces three classes of cases, (1) cases for violations of the act relative to the police of towns, ch. 113 and 114 of the Revised Statutes; (2) cases of commitments under chapter 116 of the Revised Statutes, for the punishment of idle and disorderly persons; and (3) for violations of the ordinances of the city.

As to the first class, the provisions of the Revised Statutes are clear and unequivocal. Ch. 114, § 9. " The selectmen may remit fines imposed for violations of this chapter, and costs, and discharge offenders from imprisonment, and the town shall be liable for the prison charges, in case of the offender's inability." No such provision is found in the case of idle and disorderly persons. It is a law in force in all parts of the State alike, and it may be supposed that the expense of enforcing it stands on the common ground of other criminal prosecutions.

There is no provision, so far as we are aware, which subjects cities to the support in jail of those who may be committed for violations of city ordinances. The city council are authorized to pass all such by-laws as the board of police officers are, by the general laws of the State, authorized to put in force, and offences under such by-laws fall in the class of offences included in the chapters relating to police offences. If it should appear that any of the city ordinances are passed in virtue of the powers ordinarily vested in the police officers, the city will be liable for the support of prisoners committed for violations of such ordinances, as in case of other police offences.

*Judgment for the plaintiffs, for the amount expended for the support of prisoners committed for police offences.*